UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 6 2013

David J. Bradley, Clerk of Court

| | |
|---|---|
| Errick Lynn Williams and<br>Kristin Barnes Williams,<br><br>Plaintiffs,<br><br>v.<br><br>Peggy Fulford, a/k/a Peggy Williams,<br>a/k/a Peggy King, a/k/a Peggy<br>Ann Berard and<br>King Management Group and<br>Associates, LLC<br><br>Defendants. | Civil Action No. _____<br><br>ORAL ARGUMENT REQUESTED |

### PLAINTIFFS' VERIFIED ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs Errick and Kristin Williams (collectively, "Plaintiffs") file this Verified Complaint and Application for Temporary Restraining Order and Preliminary Injunction (the "Complaint") against Peggy Fulford, a/k/a Peggy Williams, a/k/a Peggy King, a/k/a Peggy Ann Berard, ("Ms. Fulford") and King Management Group and Associates, LLC ("King Management"), and would respectfully show the Court as follows:

## I. INTRODUCTION

1. Errick Lynn Williams ("Mr. Williams") is a recently retired professional football player. Mr. Williams played professional football from 1999 until 2011. Mr. Williams is married to Kristin Barnes Williams ("Mrs. Williams"). In 2007, Mr. Williams engaged Ms. Fulford and King Management (collectively, "Defendants") to manage all of his finances and

1

investments. Since 2007, Ms. Fulford has had control over the vast majority of Plaintiffs' income, which before taxes totaled at least eleven million dollars. Over the course of their financial relationship, Defendants have provided Plaintiffs with sporadic and potentially falsified statements of their financial condition. Plaintiffs have repeatedly requested that Defendants provide them with full and open access to their assets. Defendants have repeatedly failed to do so.

## II. PARTIES

2. Plaintiff Errick Lynn Williams is an individual domiciled in Travis County, Texas.

3. Plaintiff Kristin Barnes Williams is an individual domiciled in Travis County, Texas.

4. Defendant Peggy Fulford a/k/a Peggy Williams, a/k/a Peggy King, a/k/a Peggy Ann Berard, is an individual believed to be domiciled in Ft. Lauderdale, Florida. Ms. Fulford may be served with process, with issuance of citation being requested at this time, by serving her at 2841 NE 35th Court, Ft. Lauderdale, Florida 33308, or at such other place where she may be found.

5. Defendant King Management Group and Associates, LLC is a limited liability company organized under the laws of the State of Florida with its principal place of business in Ft. Lauderdale, Florida. King Management may be served through its registered agent for service and managing member, Peggy Fulford, at its registered office, 2805 E. Oakland Park Blvd. #247, Ft. Lauderdale, Florida 33306.

### III. JURISDICTION AND VENUE

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

7. Venue is proper in the Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. From 2011 until 2013, Ms. Fulford resided in Harris County, Texas. During that period, Ms. Fulford accessed monies earned by Mr. Williams and, *inter alia*, fraudulently spent or transferred such monies to several accounts for her personal benefit.

### IV. FACTUAL BACKGROUND

8. Mr. Williams is the second Heisman trophy winner from the University of Texas and a recently retired professional football player. He is currently employed as an analyst for ESPN's Longhorn Network and an assistant coach at University of the Incarnate Word in San Antonio.

9. In 2007, Mr. Williams entered into an oral agreement to have Ms. Fulford and King Management manage Plaintiffs' assets. Prior to, and consistently throughout the course of managing Plaintiffs' assets, Ms. Fulford represented herself to be a graduate of Harvard Law School, licensed to practice law in the State of Texas, and a graduate Harvard Business School. Upon information and belief, there is no record of Ms. Fulford attending Harvard University in either graduate program, nor is there any record of Ms. Fulford's admission to the State Bar of Texas.

10. Between 2007 and 2012, Mr. Williams earned income of approximately eleven million dollars. On or about August 15, 2008, Ms. Fulford and Mr. Williams established a joint checking account (the "Joint Account") at SunTrust Bank in Orlando, Florida. Without the knowledge or permission of Plaintiffs, Ms. Fulford received and used a debit card for the Joint Account. Plaintiffs were never provided a debit card for the Joint Account. After opening the Joint Account, Ms. Fulford established at least six other accounts at SunTrust Bank under several different names, including King Management.

11. Between opening the Joint Account and August 2012, approximately six million dollars was transferred via account transfers, wire transfers, check card debits, written checks, or cash withdrawals out of the Joint Account by Ms. Fulford, without Plaintiff's authorization or knowledge. These transfers included, but were not limited to, mortgage payments, credit card payments, retail purchases, airline purchases, miscellaneous debits and withdrawals, transfers via written checks, and wire transfers to unidentified accounts. From 2011 until 2013, Ms. Fulford resided in Harris County, Texas, and a substantial amount of the unauthorized transfers occurred in that period.

12. In 2013, Plaintiffs discovered these unauthorized transfers. Upon discovery, Mrs. Williams made repeated attempts to contact Ms. Fulford, seeking information concerning Plaintiffs' assets. On or about September 2013, Ms. Fulford ceased all communications with Mrs. Williams.

13. Mr. Williams's 2010 personal income tax return was prepared by Ms. Fulford. On or about August 2012, the Internal Revenue Service ("IRS") audited Mr. Williams's 2010 personal tax return and contacted Mr. Williams for additional information (the "2010 audit").

14.     Upon information and belief, on or about September 2012, Ms. Fulford contacted the IRS on Mr. Williams's behalf, at which point she fraudulently represented herself to be Mr. Williams's wife – Peggy Williams.  On or about October 2012, Ms. Fulford provided the IRS with a Form 8821 – Tax Information Authorization.  The Form 8821 authorized Ms. Fulford to inspect and/or receive Mr. Williams's confidential information for the periods listed, which included the 2010 audit.  During the course of Ms. Fulford's discussions with the IRS, Ms. Fulford consistently maintained that she had substantiation for all deductions on Mr. Williams's tax return, but consistently failed to supply them.  On or about December 2012, Ms. Fulford abruptly ceased communications with the IRS.

15.     Due to Ms. Fulford's failure to supply the IRS with substantiation for approximately $782,983.00 of deductions taken on Mr. Williams's 2010 personal income tax return, the IRS disallowed such deductions and assessed a tax deficiency and related penalty of approximately $375,000.00 for the tax year 2010.  See the attached IRS correspondence attached hereto as Exhibit "A".  On or about July 2013, the IRS closed the 2010 audit and sent the file to the IRS Collections Department.  Additionally, and contrary to the agreement between the parties, Defendants failed to file a tax return for Mr. Williams for 2011 and 2012.  In order to potentially settle the 2010 deficiency and file accurate returns for 2011 and 2012, Plaintiffs must respond to the IRS with accurate, verifiable information about their financial history before the end of this year.

16.     In addition to the IRS matter, Plaintiffs are completely dependent on Ms. Fulford to provide a monthly stipend of money to pay even the most basic living expenses.  Such stipend is paid irregularly, from inconsistent sources, and in unpredictable amounts.  The stipend has been previously distributed to Plaintiffs in the form of a wire transfer from Defendants' Sun

296746v.2 W544/00001

Trust accounts, a personal check from Ms. Fulford's personal checking account, or a cashier's check.

17.  On or about November 6, 2013, Plaintiffs' counsel contacted Ms. Fulford via telephone to discuss the 2010 audit and Plaintiffs' finances. During that telephone conference, Ms. Fulford represented that she would provide Plaintiffs' counsel with copies of all of Mr. Williams's financial records, including all information related to the history of Mr. Williams's past and current investments. As of the filing of this Complaint, the only documents that Ms. Fulford has supplied to Plaintiffs or Plaintiffs' counsel are ten (10) months of bank statements from the bank account of the Ricky Williams Foundation, a non-profit organization wholly unrelated to Plaintiffs' personal financial assets. Additionally, during the November 6 telephone conference, Ms. Fulford represented that Plaintiffs' sole asset was a 1.9 million dollar investment in a private equity fund named Premier Financial (the "Private Equity Investment"). Ms. Fulford represented that the Private Equity Investment was made in 2011 and did not allow for the funds to be removed prior to 2017. Plaintiffs have been unable to verify the existence of the Private Equity Investment or the existence of any private equity fund with the name Premier Financial.

## V.   CAUSES OF ACTION
### Theft Liability Act

18.  Plaintiffs hereby incorporate herein paragraphs 1 through 17 by reference.

19.  Plaintiffs had a possessory interest in their financial assets. Defendants unlawfully appropriated said assets in violation of Texas Penal Code § 31.03. The unlawful appropriation was made with the intent to deprive Plaintiffs of their financial assets. As a result thereof, Plaintiffs sustained damages totaling approximately two to four million dollars.

20. Therefore, Plaintiffs are entitled to recover from Defendants under the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.001, *et seq.* Defendants are liable to Plaintiffs in the amount of approximately two to four million dollars. In addition and pursuant to Tex. Civ. Prac. & Rem. Code §§ 41.0008 and 134.005(b), Plaintiffs are entitled to exemplary damages, pre and post judgment interest, courts costs and their reasonable and necessary attorneys' fees.

### Breach of Contract

21. Plaintiffs hereby incorporate herein paragraphs 1 through 20 by reference.

22. Mr. Williams formed a valid and enforceable oral contract with Defendants in which Defendants agreed to manage Plaintiffs' financial assets. Defendants breached the contract by unlawfully appropriating Plaintiffs' financial assets and failing to provide Plaintiffs with financial information associated with their financial assets. Defendants' breach caused Plaintiffs to sustain damages totaling approximately two to four million dollars.

23. Therefore, Plaintiffs are entitled to recover from Defendants for breach of contract. Defendants are liable to Plaintiffs in the amount of approximately two to four million dollars. In addition and pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001, *et seq.*, Plaintiffs are entitled to recover pre and post judgment interest, courts costs and reasonable and necessary attorneys' fees.

### Breach of Fiduciary Duty

24. Plaintiffs hereby incorporate herein paragraphs 1 through 23 by reference.

25. Plaintiffs and Defendants had a fiduciary relationship. Defendants intentionally breached their fiduciary relationship with Plaintiffs by failing to provide the IRS with adequate

7

information, unlawfully misappropriating Plaintiffs' financial assets and failing to fully and fairly disclose all important information to Plaintiffs concerning their financial assets. Defendants' breach resulted in both an injury to Plaintiffs and a benefit to Defendants. Defendants' breach caused Plaintiffs to sustain damages totaling approximately two to four million dollars.

26. Therefore, Plaintiffs are entitled to recover from Defendants for breach of fiduciary duty. Defendants are liable to Plaintiffs for approximately two to four million dollars in actual damages. In addition, Plaintiffs are entitled to recover exemplary damages, pre and post judgment interest, and courts costs.

### Conditions Precedent

27. All conditions precedent to Plaintiffs claim for relef either have been performed, waived, excused, or have occurred.

### VI. APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

28. Plaintiff hereby incorporates herein paragraphs 1 through 28 by reference.

29. Plaintiffs and Plaintiffs' counsel have repeatedly requested that Defendants fully disclose the current state of Plaintiffs' assets. Defendants have failed to provide any verifiable information as to said assets. Additionally, Plaintiffs have discovered that some amount of said assets have been unlawfully misappropriated by Defendants. Plaintiffs have no adequate remedy at law for the injuries described above. Specifically, Plaintiffs, as a result of Defendants refusal to provide verifiable information, have no control over and no knowledge of the current state and/or location of their assets. Furthermore, Plaintiffs have no way of providing the IRS with accurate information as to the Plaintiffs' tax deficiency and no way of protecting their assets

from further misappropriation. Plaintiffs must respond to the IRS regarding their deficiency by the end of 2013.

30. Plaintiffs are entitled to a temporary restraining order restraining Defendants from causing Plaintiffs' assets to be moved, transferred, disposed of or used in any way. Additionally, Plaintiffs request that the Court order Defendants to immediately provide Plaintiffs with a full listing of all accounts that contain Plaintiffs' assets and documentary substantiation for Plaintiff's 2010 tax deductions, so that Plaintiffs can respond to the IRS about their deficiency before the end of this year. Without a temporary restraining order, Plaintiffs will suffer immediate and irreparable injury and potentially deprived of their assets.

31. It is essential that the Court act immediately, prior to notice on Defendants and a hearing on the matter, because Plaintiffs believe that Defendants may currently be attempting to further misappropriate Plaintiffs assets and because the IRS requires a response concerning Plaintiffs' 2010 deductions by the end of this year. Without the entry of an immediate and temporary restraining order, Plaintiffs' assets may be lost before the Court will have an opportunity to conduct a full hearing on this matter.

32. Plaintiffs are willing to post a bond in an amount that the Court considers proper to pay the costs and damages sustained by Defendants should they be found to have been wrongfully enjoined or restrained.

33. Plaintiffs ask the Court to set its application for preliminary injunction for a hearing and, after hearing, issue said preliminary injunction.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court enter a Judgment declaring and/or including the following:

a. A temporary restraining order issued, without notice to Defendants, which:

  i. Restrains Defendants, their agents, servants, and employees from moving, transferring, withdrawing, disposing of or using Plaintiffs' assets in any way;
  ii. Orders Defendants to immediately provide Plaintiffs with a full listing of Plaintiffs' assets;
  iii. Orders Defendants to immediately provide documentary substantiation for Plaintiffs' 2010 deductions;

b. A preliminary injunction, after notice to Defendants and an evidentiary hearing, that restrains Defendants, their agents, servants, and employees from moving, transferring, withdrawing, disposing of or using Plaintiffs' assets in any way; and

c. Judgment entered in favor of Plaintiffs and against Defendants, awarding Plaintiffs:

  i. Actual damages;
  ii. Exemplary damages
  iii. Pre-judgment and post-judgment interest on the sums due;
  iv. Attorneys' fees;
  v. Costs of court; and
  vi. Such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

CRADY, JEWETT & MCCULLEY, LLP

By: /s/ Carlton D. Wilde, Jr.
    Carlton D. Wilde, Jr.
    Attorney In Charge
    Federal Bar No. 9046
    State Bar No. 21458001
    Matthew R. Begley
    Federal Bar No. 1724634
    State Bar No. 24076265
    2727 Allen Parkway, Suite 1700
    Houston, Texas 77019
    (713) 739-7007 Telephone
    (713) 739-8403 Telecopier
    cwilde@cjmlaw.com
    mbegley@cjmlaw.com

10

296746v.2 W544/00001

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Errick Lynn Williams and Kristin Barnes Williams, | § § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | |
| Peggy Fulford, a/k/a Peggy Williams, a/k/a Peggy King, a/k/a Peggy Ann Berard and King Management Group and Associates, LLC | § § § § § § § | ORAL ARGUMENT REQUESTED |
| Defendant. | § | |

## VERIFICATION

THE STATE OF TEXAS        §

COUNTY OF TRAVIS         §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Errick Lynn Williams, who is personally known to me, and after first being duly sworn by me according to law, upon his oath said that he, Plaintiff in the above referenced matter, has read the above and foregoing Verified Original Complaint And Application For Temporary Restraining Order and Preliminary Injunction, and that every statement contained therein is true and correct and based on his personal knowledge, and that the Complaint is not groundless or brought in bad faith or for purposes of harassment.

By: _____

SUBSCRIBED AND SWORN TO before me by Errick Lynn Williams on this the 12th day of December, 2013, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas


JAN ALLGOOD
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
06-15-2014

12

296746v.2 W544/00001

## CERTIFICATION OF EFFORTS TO GIVE NOTICE

I certify that diligent attempts to notify Defendants against whom ex parte relief is sought have been unsuccessful and the circumstances do not permit additional efforts to give notice.


By: */s/ Carlton D. Wilde, Jr.*

296746v.2 W544/00001